We will hear counsel in Thomas White v. City of Bridgeport. May it please the Court, Your Honors, Thomas Busey representing the plaintiff Thomas White. Thomas White was a public sector employee of the City of Bridgeport for six years when he was terminated. As the District Court noted in that action, Bridgeport conceded that the plaintiff was deprived of a protected property interest in his job as a member of the Bridgeport Classified Service. The only dispute concerns whether the plaintiff received constitutionally adequate process to allow him to challenge the grounds of his termination. Is there any doubt of the availability of a Connecticut State Court action to obtain a post-termination remedy? I don't think it's been determined by the appellate courts of Connecticut as to whether there is a right to a post-termination remedy. The appellate courts have indicated, with regard to administrative decisions, if a complainant alleges that the action of the administrative agency was arbitrary and capricious, he may have a cause of action similar to a plenary action, but the allegation would be arbitrary and capricious. That's different from a post-termination due process that was established under Loudermill and precedent where the issue is whether there was just cause for termination. I hear you on that, and if this were a case of first impression, I would find that a very powerful argument. But isn't arbitrary and capricious exactly what New York does in Article 78 proceedings, and that's what we held in Dwyer was good enough? I believe the Article 78 is an exception. That doesn't apply to Connecticut. Connecticut doesn't have a— Why not? I mean, there are certain differences between a plenary breach of contract suit and the Article 78 proceeding, but if the standard is going to be whether it was arbitrary and capricious, that's exactly the standard that's applied under the Article 78 proceeding. You're saying that's not good enough, but that's— where no appeal provision has been provided. Well, what about at least seven cases cited by Judge Meyer in the district court in which Connecticut state courts granted judicial review of similar dismissals and administrative actions? There may, in fact, be no statute, but surely Connecticut case law suggests that there is a remedy. And I pointed out in my brief that there is another—there are other superior court cases that have not recognized that right. And there has been no appellate decision to finally determine whether an individual has a right to bring a plenary action upon his dismissal from city employment. And I think to hold that a plenary action substitutes for a post-deprivation administrative hearing runs counter to the Loudermill decision and the decisions that have come subsequent to Loudermill. The pre-deprivation hearing and post-deprivation hearing— Judge Meyer relied on the opinions of the appellate court of Connecticut, which seemed to me to be more significant by definition. But those were cases where the individual went through a hearing, an administrative hearing, full opportunity to be heard, and he was seeking an appeal after that full hearing. Mr. White wasn't given a hearing. And giving him an appeal, an administrative appeal where he didn't get a hearing, it's not similar to the cases that Judge Meyer cites in this case. For instance, October 21 versus Planning and Zoning Commission. There was a full hearing before the Planning and Zoning Commission. Parties were represented. Evidence was taken. A decision was rendered. Parties said the evidence—the Zoning Commission acted arbitrarily and capricious because there was no evidence to support it. In an administrative hearing on a due process claim, it's preponderance of evidence. Mr. White has to—or the city would have to demonstrate that there wasn't just—that there was just cause for the termination. I don't think they're the same, and I think you have to look at pre-termination, post-termination on a continuum. It's a—the less pre-termination you get, the more post-deprivation. But let me just get one part of your case straight. You do concede that Mr. White did not request a pre-termination hearing. That's correct. So there's no due process violation pre-termination that— No, there's not. Okay. No, that's been conceded, and what the argument here is is that there should have been granted a post-termination administrative hearing to allow Mr. White to contest his termination. I think the reliance on Dwyer versus—or Dwyer versus Reagan, I think—I believe it's misplaced. I think the Locurto court versus Safer raised that issue that the only decision rendered by the Reagan court or the Dwyer court was that he was not entitled to a pre-termination hearing because he didn't request it. The other statements that came out of the Dwyer court, for instance, that there had to be a neutral hearing officer pre-termination that Locurto found not to be constitutionally mandated, was dicta. The same with the statement with regard to adequate state court proceedings. I just want to emphasize that the Article 78, there is no case law in Connecticut, Superior Court—let me change that—Supreme Court or Connecticut Appellate Court that has established that an employee who is dismissed can bring a plenary action in the state courts. If he brings a wrongful discharge claim, he has to show more than that if there wasn't just cause. He has to show a violation of public policy, a violation of a constitutional right, not just that there wasn't just cause to support his termination. Article 78 addresses that, even if it's on an arbitrary, capricious basis. You could raise that. In the state court in Connecticut, if he's allowed to bring a plenary action, that's not addressed. He doesn't get just to attack the just cause aspect. You've reserved two minutes. Thank you. Mr. Bohannon. May it please the Court, John Bohannon for the Appellee. The district court properly found that the appellant's due process rights were not violated in this case because he retained an opportunity to pursue appropriate relief in the state court. It was a full and fair opportunity to be heard on a plenary rights action. The amount of process that the grievant is due is flexible, and it calls for procedural protections that the particular situation demands. The particular situation here is a post-termination, months after the fact, where the employee came forward and claimed that the elimination of his position was a scam abolition. The Second Circuit has never been persuaded that the state must routinely provide hearings for employees whose positions are targeted for elimination. Likewise, the denial of a request for an administrative post-termination hearing is insufficient to establish a denial of due process as long as the employee had a full and fair opportunity to adjudicate his claim of abolition in the state court. Mr. White had exactly that here. It's clear from the appellate court's decision in Danziger, the absence of an express appeal provision does not foreclose other forms of judicial relief where appropriate. If any person claims to be harmed by an order of an administrative board, his constitutional right to due process is protected by his privilege to apply to a court for relief. A person claiming to be harmed could seek a plenary action for relief. This means that the aggrieved person may bring a plenary action rather than an administrative appeal against the appropriate officials or municipality in order to obtain judicial review of their actions. Mr. White had a right to go to the Superior Court on a plenary action and contest not only the denial of his hearing, but the merits of his claim. The appellate suggests that the city would bear the burden both before the administrative agency and the Superior Court. I disagree. Normally, when an employee is discharged in the first instance, I'll agree that the municipal employer should show good cause for that or just cause. Under the provisions of the Bridgeport City Charter, I believe it's phrased as reasons that promote the good of the service. But where the appellee comes forward and affirmatively makes an allegation that the reason for his layoff was a pretext, it was a sham abolition. It is incumbent upon that appellee, both before any administrative agency and the Superior Court, to meet that burden and substantiate those claims. In other words, you're distinguishing the situation of a budgetary layoff that is alleged to be pretextual from a situation where the discharge is disciplinary and is based on some allegation of wrongdoing on the part of the employee. Absolutely, and that's exactly what this circuit did in Dwyer, and that's the crux of the issue here. As the Second Circuit observed in Locurdo, no reason exists to depart from the general presumption that a judicial trial represents the epitome of full due process. Judge Meyer found that although the administrative appeal was not heard by the city's civil service commission, Mr. White nevertheless retained that full right to a hearing to go to the Superior Court and have the merits of his claim heard. Connecticut case law is replete with situations where the courts have accepted exactly those types of claims. And although there's not an appellate court case that I found, there is a Superior Court case in which a deputy chief in a police department wanted to contest his termination and was permitted to do so as a plenary rights action in the Superior Court. The appellant in this case relies very much on the Hall-Smith case by the Vermont Supreme Court. Couple of distinctions there. Number one, that was a dismissal case for cause. It was a disciplinary dismissal. This is an allegation by the appellant that it's a sham abolition. It comes after the fact, and the contours of that claim are significantly different as to the procedural requirements that are due under Second Circuit laws enunciated in Dwyer. Likewise, just one fact about that Vermont case. The court had noted in Vermont that it was concerned that trial courts would not be sitting in review of administrative decisions, but rather would become fact finders in the first instance. My response to that is Connecticut is not Vermont. When you take a look at the body of case law in Connecticut, Connecticut has welcomed these plenary rights actions. It refuses to let employees be locked out and not have a place to go to contest their constitutional claims. Employees in Connecticut are not denied due process. Our Supreme Court, our appellate courts have made sure of that through a plenary rights action. Thank you. Thank you. Your Honor, the claim that there's an appeal, a plenary action that would take the place of this post-termination due process claim. Again, runs counter to the holdings in Loudermill and the cases that have dealt with public sector terminations since then. But getting to this aspect of the plenary action, again, the courts in Connecticut have basically said, after you've had an administrative hearing, Mr. White did not have an administrative hearing. After you've had an administrative hearing, but the statute doesn't provide for an appeal from that administrative hearing. Connecticut courts view that as a violation of due process. You should be able to appeal a decision of an administrative board to the courts. The Connecticut Supreme Court has said, we take care of that by allowing the individual to bring an action, contesting the decision of the administrative agency, claiming that it was arbitrary and capricious, and that satisfies due process. That is not similar to the situation in the present case where Mr. White requested a hearing. Regardless of the preponderance of evidence at that hearing he requested, he was entitled under Loudermill to a post deprivation hearing. He was not provided it. That's a violation of the 14th Amendment to the United States Constitution. Bringing a plenary action doesn't satisfy that. The Supreme Court, I believe in Logan versus Zimmerman, basically said, in that situation, a court, for instance, couldn't give relief of reinstatement, and therefore, a court action did not satisfy due process. Thank you, Mr. Casey, very much. Very well argued by both sides. We'll reserve decision. We are adjourned.